EASTMAN HEAT CONTROL CORPORATION *vs.* EDWARD R. EASTMAN, administrator.

Suffolk.   October 5, 1943. — June 5, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Executor and Administrator*, Suit to establish claim barred by short statute of limitations, Personal liability.

On appeal, by the plaintiff in a suit in equity under G. L. (Ter. Ed.) c. 197, § 10, against a defendant in his capacity as the administrator of an estate, from a decree directing payment to the plaintiff from the assets of the estate of sums equitably belonging to the plaintiff, one sum received by the intestate during his life and one received by the defendant as administrator after his appointment, and also directing the plaintiff to agree to an entry of neither party in an action at law which he had brought against the defendant in his personal capacity

for the latter sum, the decree was ordered modified by eliminating the direction as to the entry in the action at law, since, if the decree was not wholly satisfied from the assets of the estate, the plaintiff should be permitted to enforce such right as he had against the defendant in his personal capacity.

BILL IN EQUITY, filed in the Superior Court on September 9, 1942.

The suit was heard by *Greenhalge, J.*

*C. M. Goldman,* for the plaintiff.

No argument nor brief for the defendant.

LUMMUS, J. The plaintiff appealed from a final decree in its favor upon a bill brought under G. L. (Ter. Ed.) c. 197, § 10, to obtain "judgment" for the plaintiff as a creditor against the undistributed estate of the defendant's intestate. The judge found that the defendant's intestate and the defendant administrator fraudulently concealed from the plaintiff the existence of the debt, which was based upon the receipt by the defendant's intestate of $2,825 and after his death by the defendant administrator of $1,650, which sums equitably belonged to the plaintiff. The plaintiff has pending an action at law against the defendant personally to recover the latter sum.

A final decree was entered, ordering the defendant administrator to pay to the plaintiff out of the assets of the estate the sum of $4,349.34, which included the $1,650. Whether the inclusion of that sum was right or wrong, the decree cannot be modified in favor of the defendant on the appeal of the plaintiff. In paragraph C of the decree the plaintiff was ordered to agree to a judgment for neither party in the action at law.

If the decree should be satisfied in the full sum of $4,349.34, of course there could be no enforcement of any judgment in the action at law. But if full satisfaction of the decree cannot be obtained out of the assets of the estate, there is no reason why any personal liability of the defendant may not be established and enforced in the action at law. Consequently the final decree is modified by eliminating paragraph C thereof, and as so modified is affirmed with costs.

*Ordered accordingly.*